MICHAEL T. LUCEY (SBN 099927)
BRIAN P. MASCHLER (SBN 111824)
mlucey@gordonrees.com
bmaschler@gordonrees.com
GORDON & REES, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
PROJECT FAIR BID, INC., and
BRANDON RAMSEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all the members of the Class of person similarly situated,<br><br>            Plaintiffs,<br><br>    vs.<br><br>PROJECT FAIR BID, INC., MAYFIELD XIII, FOUNDATION CAPITAL VI, L.P., FIRST ROUND CAPITAL KK, L.P., NICOLAS DARVEAU-GARNEAU, BRANDON RAMSEY, RAJIL KAPOOR, CHARLES MOLDOW AND JOSH KOPELMAN,<br><br>            Defendants. | CASE NO. 3:13-CV-00759-SBA<br><br>**DEFENDANTS PROJECT FAIR BID, INC. AND BRANDON RAMSEY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br>**(Fed. R. Civ. P. 10(a), 12(b)(6))**<br><br>Date:  July 9, 2013<br>Time:  1:00 p.m.<br>Judge:  Hon. Saundra Brown Armstrong<br>Courtoom:    1, 4th Fl., Oakland<br>Courthouse, 1301 Clay St., Oakland, CA<br><br>Date Action Filed:  February 20, 2012 |

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ..........................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

INTRODUCTION .................................................................................................................................1

BACKGROUND ..................................................................................................................................3

I.    THE FORMER BIGDEAL.COM RETAIL AUCTION WEBSITE;
PLAINTIFFS' ALLEGATIONS .............................................................................3

LEGAL ARGUMENT..........................................................................................................................6

I.    APPLICABLE LEGAL STANDARDS ..................................................................6

II.    THE COMPLAINT'S FAILURE TO IDENTIFY THE PLAINTIFF
WARRANTS ITS DISMISSAL UNDER FEDERAL RULE OF CIVIL
PROCEDURE 10(a). .................................................................................................8

III.    PLAINTIFF HAS FAILED TO STATE A VALID CAUSE OF ACTION
UNDER RICO. .........................................................................................................10

    A.    Plaintiff Lacks Standing To Assert A RICO Claim...................................11

        1.    Plaintiff Lacks RICO Standing Because He Cannot
Establish Injury to his Business or Property. ..................................12

        2.    Plaintiff Lacks RICO Standing Because He Has Not
Adequately Pled Causation. ............................................................14

    B.    The Complaint Does Not Allege A Valid RICO Enterprise..................... 15

    C.    Plaintiff Has Not Pled A Viable RICO Predicate Act. ............................18

        1.    A Violation of California Penal Code § 319 Is Not a RICO
Predicate Act...................................................................................18

        2.    A Violation of the Unlawful Internet Gambling
Enforcement Act of 2006 Is Not a Predicate Act under
RICO. ..............................................................................................18

        3.    Plaintiff Cannot Assert a Viable Predicate Act Under the
Bank Fraud Statute, 18 U.S.C. § 1344(2). .....................................18

        4.    Plaintiff Has Not Pled a Viable Predicate Act Sounding in
Wire Fraud. .....................................................................................19

IV.    PLAINTIFF'S CONSPIRACY TO VIOLATE RICO CLAIM FAILS AS
A MATTER OF LAW ..............................................................................................22

CONCLUSION....................................................................................................................................22

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Adell v. Macon Cty Greyhound Park, Inc.*
785 F.Supp.2d 1226 (M.D. Ala. 2011) .................................................................. 13, 14

*Alan Neuman Productions, Inc. v. Albright*
862 F.2d 1388 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989) ........................ 7

*Anza v. Ideal Steel Supply Corp.*
547 U.S. 451 (1985) ............................................................................................... 11, 12

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................................ 6, 7, 9, 21

*Associated Gen. Contractors of Am. v. Metropolitan Water Dist.*
159 F.3d 1178 (9th Cir. 1998) .................................................................................. 7

*Balisteri v. Pacifica Police Dep't.*
901 F.2d 696 (9th Cir. 1990) .................................................................................... 6

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........................................................................................... 6, 7, 9, 21

*Best Deals on TV, Inc. v. Naveed*
No. C 07-1616 SBA, 2007 U.S. Dist. LEXIS 99922 (N.D. Cal. Sept. 26, 2007) ..... 19

*Brannon v. Boatmen's First Nat'l Bank of Okla.*
153 F.3d 1144 (10th Cir. 1998) ............................................................................... 16

*Bressner v. Ambroziak*
379 F.3d 478 (7th Cir. 2004) .................................................................................... 19

*Byrne v. Nezhat*
261 F.3d 1075 (11th Cir. 2001) ................................................................................ 20

*Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*
818 F.2d 1466 (9th Cir. 1987) .................................................................................. 21

*Canyon County v. Syngenta Seeds, Inc.*
519 F.3d 969 (9th Cir. 2008) ................................................................................... 12, 14

*Cedric Kushner Promotions, Ltd. v. King*
533 U.S. 158 (2001) ................................................................................................ 15, 16

*Chaset v. Fleer/Skybox Intl*
300 F.3d 1083 (9th Cir. 2002) ................................................................................. 12, 13

*Chi Pham v. Capitale Holdings, Inc.*
No. 10 cv 0971-LAB (AJB), 2011 U.S. Dist. LEXIS 89047 (S.D. Cal. Aug. 9, 2011) ........... 17

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) ..................................................................................... 7

**GORDON & REES, LLP**
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 3:13-CV-00759-JSC

# TABLE OF AUTHORITIES

**Page No.**

*County of Marin v. Deloitte Consulting LLP*
836 F. Supp. 2d 1030 (N.D. Cal. 2011) ............................................................................ 20

*Crawford v. Honig*
37 F. 3d 485 (9th Cir. 1994) ................................................................................................. 10

*Diaz v. Gates*
420 F.3d 897 (9th Cir. 2005) ................................................................................................ 12

*Doe v. Kamehaneha Schools/Bernice Pauahi Bishop Estate*
596 F.3d 1036 (9th Cir. 2010) ............................................................................................... 8

*Doe v. Merten*
219 F.R.D. 387 (E.D. Va. 2004) ........................................................................................ 9, 10

*Does I Thru XXIII v. Advanced Textile Corp.*
214 F.3d 1058 (9th Cir. 2000) ............................................................................................... 8

*Dumas v. Major League Baseball Props., Inc.*
104 F. Supp. 2d 1220 (S.D. Cal. 2000) ........................................................................... 12, 13

*Edmonds v. Seavey*
No. 08Civ5646(HB), 2009 U.S. Dist. LEXIS 84397 (S.D.N.Y. Sept. 15, 2009) .................. 19

*Feinstein v. Resolution Trust Corp.*
942 F.2d 34 (1st Cir. 1991) .................................................................................................... 7

*Gidding v. Anderson*
C07-04755 JSW, 2009 U.S. Dist. LEXIS 24351 (N.D. Cal. Mar. 13, 2009) .................... 7, 12

*Green v. Aztar Corp.*
No. 02 C 3514, 2003 U.S. Dist. LEXIS 14699 (N.D. Ill. Aug. 22, 2003) ......................... 13, 15

*H.J., Inc. v. Northwestern Tel. Co.*
492 U.S. 229 (1989) .............................................................................................................. 21

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) .............................................................................................. 10

*Hemi Grp, LLC v. City of New York, N.Y.*
559 U.S. 1 (2010) .................................................................................................................. 11

*Herrick v. Liberty League Int'l*
No. 1:07-cv-936, 2008 U.S. Dist. LEXIS 42527 (S.D. Ohio May 28, 2008) ....................... 19

*Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh*
2009 U.S. Dist. LEXIS 9766 (E.D. Va. Feb. 6, 2009) .......................................................... 19

*Hill v. Opus Corp.*
841 F. Supp. 2d 1070 (C.D. Cal. 2011) ................................................................................ 13

*Hoffman v. Zenith Insur. Co.*
No. SACV 10-00355 DOC, 2011 U.S. Dis. LEXIS 15650 (C.D. Cal. Feb. 10, 2011) ........... 14

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

iii

# TABLE OF AUTHORITIES

Page No.

*Holmes v. Securities Investor Protection Corp.*
503 U.S. 258 (1992)............................................................. 11, 12

*Howard v. America Online, Inc.*
208 F.3d 741 (9th Cir. 2000) ............................................................. 7

*Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*
No. 09-5815 CW, 2010 U.S. Dist. LEXIS 99930 (N.D. Cal. Sept. 10, 2010)........................ 17

*In re Actimmune Mktg. Litig.*
614 F.Supp.2d 1037 (N.D. Cal. 2009) ............................................................. 14

*In re All Terrain Vehicle Litig.*
771 F. Supp. 1057 (C.D. Cal. 1991) ............................................................. 20

*In re MasterCard Int'l Inc.*
132 F.Supp.2d 468 (E.D. La. 2001) ............................................................. 15

*In re Silicon Graphics Inc. Securities Litig.*
183 F.3d 970 (9th Cir. 1999) ............................................................. 4

*In re Syntex Corp. Sec. Litig.*
95 F.3d 922 (9th Cir. 1996) ............................................................. 7

*In re Toyota Motor Corp. Unintended Acceleration Mktg.*
826 F.Supp.2d 1180 (C.D. Cal. 2011) ............................................................. 16

*In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*
MDL 09-2074 PSG (FFMx), 2012 U.S. Dist. LEXIS 152498 (C.D. Cal. Sept. 6, 2012) ........ 15

*Irving v. Lennar Corp.*
No. S-12-290 KJM EFB, 2013 U.S. Dist. LEXIS 47206 (E.D. Cal. Apr. 1, 2013) ................ 16

*Jennings v. Emry*
910 F.2d 1434 (7th Cir. 1990) ............................................................. 7

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*
431 F.3d 353 (9th Cir. 2005), *cert. denied*, 547 U.S. 1192 (2006)........................ 11, 12, 15, 16

*Magic Laundry Servs. v. Workers United SEIU*
No. CV-12-9654-MWF AJW, 2013 U.S. Dist. LEXIS 53296 (C.D. Cal. Apr. 8, 2013) ........ 22

*Major League Baseball Props., Inc. v. Price*
105 F. Supp. 2d 46 (E.D.N.Y. 2000) ............................................................. 13

*Marder v. Lopez*
450 F.3d 445 (9th Cir. 2006) ............................................................. 4

*Miller v. Yokohama Tire Corp.*
358 F.3d 616 (9th Cir. 2004) ............................................................. 20

*Miranda v. Ponce Federal Bank*
948 F.2d 41 (1st Cir. 1991) ............................................................. 11

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

iv

*Odom v. Microsoft Corp.*
486 F.3d 541 (9th Cir. 2007 (en banc), *cert. denied*, 552 U.S. 985 (2007) ........................... 7

*Oki Semiconductor Co. v. Wells Fargo Bank Nat'l Assoc.*
298 F.3d 768 (9th Cir. 2002) ........................................................................................... 11

*Oscar v. Univ. Students Co-Op Assn.*
965 F.2d 783 (9th Cir. 1992) ..................................................................................... 11, 12

*PMC, Inc. v. Ferro Corp.*
131 F.R.D. 184 (C.D.Cal. 1990) ..................................................................................... 11

*Price v. Pinnacle Brands, Inc.*
138 F.3d 602 (5th Cir. 1998) ........................................................................................... 13

*Rae v. Union Bank*
725 F.2d 478 (9th Cir. 1984) ........................................................................................... 15

*Rezner v. Bayerische Hypo-Und Vereinsbank AG*
630 F.3d 866 (9th Cir. 2010) ........................................................................................... 11

*Sanford v. MemberWorks, Inc.*
625 F.3d 550 (9th Cir. 2010) ........................................................................................... 22

*Schreiber Distrib. Co. v. Serve-Well Furniture Co.*
806 F.2d 1393 (9th Cir. 1998) ......................................................................................... 15

*Sedima S.P.R.L v. Imrex Co., Inc.*
473 U.S. 479 (1985) ................................................................................................... 11, 15

*Sever v. Alaska Pulp Corp.*
978 F.2d 1529 (9th Cir. 1992) ......................................................................................... 15

*Sosa v. DIRECTV, Inc.*
437 F.3d 923 (9th Cir. 2006) ..................................................................................... 14, 20

*Soto v. Vanderbilt Mortgage and Finance, Inc.*
No. C-10-66, 2010 U.S. Dist. LEXIS 87951 (S.D. Tex. Aug. 23, 2010) ........................... 19

*Southern Methodist Univ. Ass'n. of Women Law Students v. Winne & Jaffe*
599 F.2d 707 (5th Cir. 1979) ............................................................................................. 8

*Starfish Inv. Corp. v. Hansen*
370 F.Supp.2d 759 (N.D. Ill. 2005) ................................................................................ 19

*Stone v. Baum*
409 F.Supp.2d 1164 (D. Ariz. 2005) ................................................................................. 7

*Sybersound Records, Inc. v. UAV Corp.*
517 F.3d 1137 (9th Cir. 2008) ......................................................................................... 12

*Turner v. Cook*
362 F.3d 1219 (9th Cir. 2004) ......................................................................................... 22

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

v

Page No.

*U.S. v. Malizia*
720 F.2d 744 (2d Cir. 1983) .................................................................................... 18

*United States Fire Insur. Co. v. United Limousine Serv., Inc.*
303 F.Supp.2d 432 (S.D. N.Y. 2004) ...................................................................... 10

*United States v. Doe*
655 F.2d 920 (9th Cir. 1981) ...................................................................................... 8

*United States v. Dowling*
739 F.2d 1445 (9th Cir. 1984)
*rev'd on other grounds*, 473 U.S. 207, 105 S. Ct. 3127 (1985) ............................. 21

*United States v. Goldin Indus.*
219 F.3d 1268 (11th Cir. 2000) ............................................................................... 15

*United States v. Jacobs*
117 F.3d 82 (2d Cir. 1997) ...................................................................................... 19

*United States v. Martinelli*
454 F.3d 1300 (11th Cir. 2006) ............................................................................... 20

*United States v. Molinaro*
11 F.3d 853 (9th Cir. 1993) ..................................................................................... 18

*United States v. Saks*
964 F.2d 1514 (5th Cir. 1992) ................................................................................. 18

*United States v. Stavroulakis*
952 F.2d 686 (2d Cir. 1992) .................................................................................... 19

*Vaugh v. Diaz*
No. 12-CV-1181 BEN (JMA), 2013 U.S. Dist. LEXIS 5456 (S.D. Cal. Jan. 14, 2013) .......... 16

*Wagh v. Metris Direct, Inc.*
348 F.3d 1102 (9th Cir. 2003) ................................................................................. 10

*Weizmann Institute of Science v. Neschis*
229 F.Supp.2d 234 (S.D. N.Y. 2002), *amended by* 352 F.3d 1187 (2d Cir. 2003), *cert. denied*, 541 U.S. 1043 (2004) .................................................................................. 10

*Westways World Travel, Inc. v. AMR Corp.*
265 Fed. Appx. 472 (9th Cir. 2008) ........................................................................ 20

*Williams v. Aztar Indiana Gaming Corp.*
351 F.3d 294 (7th Cir. 2003) ................................................................................... 20

**Statutes**

18 U.S.C.
section 1342 .............................................................................................................. 3

18 U.S.C.
section 1343 .................................................................................................... 4, 20, 21

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 3:13-CV-00759-JSC

# TABLE OF AUTHORITIES

Page No.

18 U.S.C.
    section 1344 ........................................................................................... 3, 4, 18, 19

18 U.S.C.
    section 1955 ........................................................................................................... 4

18 U.S.C.
    section 1961 ..................................................................................................... 3, 18

18 U.S.C.
    section 1962 ............................................................................................... passim

18 U.S.C.
    section 1964 ......................................................................................................... 11

31 U.S.C.
    section 5363 ................................................................................................... 3, 4, 18

California Penal Code
    section 319 ........................................................................................................ 3, 4

California Penal Code
    section 320 ...................................................................................................... 3, 18

California Penal Code
    section 19.2 ............................................................................................................. 3

Washington Revenue Code
    section 9.46.220 ................................................................................................... 4

Washington Revenue Code
    section 9.46.0213 ................................................................................................. 4

Washington Revenue Code
    section 9.46.0237 ................................................................................................. 4

Washington Revenue Code
    section 9.46.0241 ................................................................................................. 4

**Rules**

Federal Rules of Civil Procedure
    rule 10(a) ................................................................................................. 1, 3, 8, 10

Federal Rules of Civil Procedure
    rule 12(b)(6) ........................................................................................................ 1, 6

Federal Rules of Civil Procedure
    rule 23(a) ............................................................................................................. 10

Federal Rules of Civil Procedure
    rule 9 ................................................................................................................... 3, 7

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 3:13-CV-00759-JSC

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

1           **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

2   TO:    PLAINTIFF, "JOHN DOE," AND HIS ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that on July 9, 2013, at 1:00 p.m., or as soon thereafter as the

4  matter may be heard by this Court, at the United States District Court for the Northern District of

5  California, Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612,

6  Defendants, Project Fair Bid, Inc. and Brandon Ramsey (collectively, "Defendants") shall move

7  this Court for an Order dismissing the Complaint filed in this action in its entirety, with

8  prejudice.

9          This Motion to Dismiss is made pursuant to Rules 10(b) and 12(b)(6) of the Federal

10  Rules of Civil Procedure, and upon the grounds that: (1) the Complaint fails to state claim upon

11  which relief can be granted for an alleged violation of the Racketeer Influenced and Corrupt

12  Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), including purported claims brought

13  under sections 1962(c) and 1962(d) of RICO, and (2) the Complaint fails to identify the plaintiff

14  in violation of Rule 10 of the Federal Rules of Civil Procedure.  This motion is based upon this

15  Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities,

16  Request for Judicial Notice, and Declarations of Brandon Ramsey and Brian P. Maschler, and

17  the pleadings, orders, memoranda and other documents already on file in this action.

18            **MEMORANDUM OF POINTS AND AUTHORITIES**

19          Defendants, Project Fair Bid, Inc.[1] and Brandon Ramsey ("Defendants"), pursuant to

20  Rules 10(a) and 12(b)(6) of the Federal Rules of Civil Procedure, submit the following

21  Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint.

22                  **INTRODUCTION**

23          Plaintiff, appearing under the pseudonym "John Doe," has attempted to bring a RICO

24  claim based upon a former retail auction website, BigDeal.com, that was discontinued over a

25  year and a half ago.  Plaintiff's central premise likens this now-defunct on-line retail site, which

26

27   [1] "Project Fair Bid, Inc." no longer exists. On November 10, 2009, it changed its name to "BigDeal.com, Inc."
(Exhibit 1 to Defendants' Request for Judicial Notice ["RJN"]).  Thus, during the time alleged in this lawsuit,

28  "Project Fair Bid, Inc." and "BigDeal.com, Inc." were one and the same. BigDeal.com, Inc. discontinued its website
in August 2011 and changed its corporate name to planfortytwo, Inc. on October 17, 2011. (*See* Exh. 2 to RJN).

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES
                                 CASE NO. 3:13-CV-00759-JSC

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

1    operated under a "penny auction" model, to an unlawful "lottery" and "professional gambling"

2    under California and Washington state law. That theory is untenable as a matter of law, and

3    fundamentally mischaracterizes the essential nature of the former BigDeal.com site. On this

4    former site, a registered user had the option of purchasing goods at retail, or could participate in

5    an auction process (called a "penny auction" because the price of the goods went up in one-cent

6    increments) through "bids" that he had purchased on the site. Through this auction process,

7    participants had the opportunity to purchase goods at significant discounts. Participants paid an

8    entry fee, put nothing at risk, and chance played no role in whether one bought the merchandise

9    offered. Rather, auction participants independently decided whether they wanted to continue

10   bidding or drop out of the bidding. If they did not post the winning bid, participants could

11   redeem the full value of their bids as a credit towards purchasing goods on the site. This auction

12   was far from "gambling" or a "lottery," and no court has ruled otherwise.

13        Before the Court even reaches the essential fallacy of Plaintiff's basic litigation theory,

14   however, it can and should dismiss the Complaint due to the fundamental defects in his RICO

15   claims. The RICO claim (18 U.S.C. § 1962(c)) should be dismissed for several reasons:

16        *First*, Plaintiff lacks standing to assert such a claim. The only supposed "injury" Plaintiff

17   claims to have suffered is that he "lost money" by using a credit card to purchase a bid pack on

18   the BigDeal.com site. (Complaint ["Compl."] ¶¶ 16, 89) Federal courts, including the Ninth

19   Circuit, unanimously have dismissed alleged RICO claims where the plaintiff's only alleged

20   injury is the loss of money used to participate in a supposedly unlawful lottery. "Gambling"

21   losses of the type Plaintiff alleges do not constitute a cognizable injury under RICO. In addition,

22   Plaintiff cannot meet RICO's requirement that Defendants' alleged racketeering activity

23   proximately caused his purported injury.

24        *Second*, the Complaint fails to allege a RICO "enterprise" that is separate and distinct

25   from the RICO "persons" (Defendants). *See* 18 U.S.C. § 1962(c. To the contrary, the so-called

26   "enterprise" proposed in the Complaint, "BigDeal.com," is the same business as the defendant,

27   Project Fair Bid. Indeed, the Complaint refers to those two names of that same entity

28   interchangeably. (*Id.* at ¶¶ 7, 17, 57.)

                                                   2

1    *Third*, Plaintiff has not alleged a viable predicate act under RICO, much less a "pattern of

2    racketeering activity." 18 U.S.C. § 1962(c). "Racketeering activity" is defined as any "act or

3    threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in

4    obscene matter, or deal in a controlled substance or chemical . . . which is chargeable under State

5    law and punishable by imprisonment for more than one year," or which is indictable as a felony

6    under certain provisions of Title 18 of the United States Code. 18 U.S.C. § 1961(1)(A), (B).

7    The violations of law Plaintiff alleges do not constitute "racketeering activity" under RICO:

8        - A violation of California Penal Code § 319 is a misdemeanor that is not punishable
           by imprisonment for a year or more and thus as a matter of law cannot constitute a
9          RICO predicate act. Cal. Pen. Code §§ 320, 19.2;

10       - Plaintiff's reliance on 31 U.S.C. § 5363 (Unlawful Internet Gambling Enforcement
           Act of 2006) is improper because that federal statute is not among those federal
11         statutes enumerated in 18 U.S.C. § 1961(1)(B);

12       - Plaintiff's reliance on 18 U.S.C. § 1344(2) ("bank fraud") is improper because
           Plaintiff does not have standing assert a violation of this statute. It is the financial
13         institution itself that is the victim of the fraud the statute proscribes. The courts
           consistently have dismissed RICO counts purportedly predicated on bank fraud
14         brought by individual plaintiffs as opposed to financial institutions; and

15       - Plaintiff's wire fraud allegations (18 U.S.C. § 1342) are insufficient as a RICO
           predicate because (1) they are based on alleged legal conclusions, statements of
16         opinion and omissions which, as a matter of law, are not actionable as wire fraud, (2)
           do not satisfy particularity standard (Fed. R. Civ. P. § 9(b)) applicable to fraud-based
17         RICO claims.

18   Because Plaintiff has no viable claim under RICO, his RICO conspiracy claim (under 18

19   U.S.C. § 1962(d)) also fails as a matter of law.

20       Last, as a threshold matter, the Court should dismiss the Complaint pursuant to Fed. R.

21   Civ. P. § 10(a) because the Complaint fails to identify the Plaintiff. Plaintiff cannot proceed

22   anonymously without prior leave of Court. Identifying this litigant is essential to determine in

23   the first instance whether he is a proper plaintiff and a member of the putative class he purports

24   to represent.

25                                    **BACKGROUND**

26   **I.    THE FORMER BIGDEAL.COM RETAIL AUCTION WEBSITE; PLAINTIFFS'
            ALLEGATIONS**
27

28       Plaintiff alleges that from 2009 to 2011, Defendants operated a "penny auction" Internet

                                                3

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

1   site called BigDeal.com. (Compl. ¶ 17.) To become a registered user on this Internet site, users

2   paid an entry fee, and had the option of purchasing "bids at $.75 per bid, which could be used to

3   bid, in an on-line auction, on various merchandise offered on the website." (*Id.* at ¶ 19). Each

4   time a user bid on an item, the auction price increased by $.01. (*Id.*) The "winner" in these

5   auctions was the user who had submitted the highest bid before the auction clock expired. (*Id.*).

6       Plaintiff alleges that because the participants in these on-line auctions did not have

7   ultimate control over who ultimately was the successful bidder, the site constituted an unlawful

8   "lottery" or "gambling device." (*Id.* at ¶¶ 59-72). He has alleged causes of action under RICO

9   (18 U.S.C. § 1962(c)) and "conspiracy to violate RICO" (18 U.S.C. § 1962(d)). He bases his

10  RICO count on alleged violations of California Penal Code § 319, Washington Revenue Code

11  §§ 9.46.220, 9.46.220, 9.46.220(1)(d), 9.46.0213, 9.46.0237, and 9.46.0241; the Unlawful

12  Internet Gambling Enforcement Act of 2006, 31 U.S.C. § 5363; 18 U.S.C. § 1955 (anti-gambling

13  statute); 18 U.S.C. § 1344(2) (bank fraud); and 18 U.S.C. § 1343 (wire fraud). As discussed

14  below, on the facts as pled, none of these alleged violations adds up to a viable RICO predicate

15  act.

16      As Plaintiff liberally refers to the former BigDeal.com website in his Complaint (*e.g.*, *id.*

17  at ¶¶ 5, 19, 23, 28, 32-33, 84), it is appropriate for the Court to incorporate by reference, and take

18  judicial notice of, the salient features of the website not addressed, or mischaracterized in the

19  Complaint. *See, e.g., Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (judicial notice is

20  appropriate where the complaint refers to the document and it is central to the plaintiff's claim);

21  *In re Silicon Graphics Inc. Securities Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (recognizing the

22  "incorporation by reference" doctrine).

23      BigDeal.com was a risk-free online auction that provided its users the opportunity to

24  purchase goods in various ways. First, a user could choose not to participate in an auction at all

25  and directly purchase items at retail prices through BigDeal.com's "Buy It Now" feature.

26  Similar to the "Buy It Now" feature found on eBay or the purchase of items on Amazon.com, the

27  BigDeal.com user could purchase items from the site at the stated retail price. (*See* RJN, Exh. 5,

28  at 1, 2, Exh. 6 at 5, 11, 13, 15, 20, Exh. 7.)

4

GORDON & REES, LLP
ATTORNEYS AT LAW
275 BATTERY STREET, TWENTIETH FLOOR
EMBARCADERO CENTER WEST
SAN FRANCISCO, CA 94111
(415) 986-5900

1    Second, if a user chose to enter into an auction and either did not submit the winning bid

2 or decided to cease participation, the Buy It Now price was reduced by the value of the bids he

3 had made. For example, if a user were bidding on an Xbox 360 Elite, the Buy It Now price

4 would appear as $293.99—BigDeal.com's stated retail price. As the user bid within the auction,

5 the Buy It Now price diminished to $293.24 after the first bid ($293.99 - $0.75). If a user bid

6 100 times on the Xbox 360, the Buy It Now price would be $218.99 ($293.99 - 100 x $0.75). By

7 offering this But It Now option, users who do not win their auctions did not lose the value of the

8 bids that they made. No one went empty-handed unless they chose to. (*See* RJN, Exh. 6 at 5.)

9 And users had the right to return items purchased following a winning auction or "Buy It Now"

10 purchase. (RJN, Exh. 5 at 2; Exh. 6 at 24, 25.)

11    Third, BigDeal.com users received "Loyalty Bucks" for each bid token purchased. (RJN,

12 Exh. 5 at 1; Exh 6 at 6; Exh. 7.) For example, buying $50 of bids automatically gave the user

13 $50 in Loyalty Bucks. Loyalty Bucks could be used to purchase items at a reduced price in

14 BigDeal.com's Credit (Rewards) Store by clicking the "Redeem Loyalty Bucks" link on the site.

15 Thus, a user who purchased $50 of bids could use his $50 in Loyalty Bucks and purchase a $200

16 item for $150. Users thus could redeem the full value of their "spent" bids. And they did not

17 have to use their Loyalty Bucks; it was 100% up to them. (*Id.*) Thus, if one "lost" the auction,

18 he was still in the same place as if he had walked into an Apple Store, or Wal-Mart -- he could

19 pay retail. In addition, a user could get a full refund on unused bids for up to 365 days after their

20 purchase. (RJN, Exh. 6 at 26.) All of these options were clearly explained on the BigDeal.com

21 website. (RJN, Exhs. 5-7.) Indeed, one of the site's web pages emphasized the importance of

22 taking advantage of the Buy It Now and Loyalty Bucks redemption options:

23    **How To Best Use BigDeal.com?**

24    -    Bid on items that you really want. That way, if you don't win the auction, you
          can just BUY IT NOW and come out even.
25
      -    If you don't win an auction, make sure to redeem your Loyalty Bucks. They
26         guarantee that you won't lose money. Even better, use your Loyalty Bucks AND
           the BUY IT NOW. That way, you will save month even if you lose an auction.
27
      -    If you have no intention of using our BUY IT NOW feature or our Loyalty Bucks
28         if you lose an auction, BigDeal.com may not be for you. Seriously. We don't

5

want you to lose your money. We want you to save money or at least break even. That way, you become a loyal customer and tell all your friends about us. (RJN, Exh. 7.)

That users were able to apply the full value of their expended bids to purchases of items on the site (including those they had just bid on) defeats the notion, advanced by Plaintiff, that this was a game of "chance" akin to lottery or gambling. So too do the facts that the BigDeal.com users had complete control over: (1) when they entered an auction for a particular item (at what point in the timed auction), (2) how many times they bid on an item in an auction, and (3) whether and when they discontinued their participation in auctions they had joined.

The BigDeal.com site also provided "data related to auctions and users bidding on auctions including but not limited to bidder name, number of Bid Tokens, number of auctions won, item auction history, item pricing, and the like. This data [was] provided to [users] by BigDeal.com in an effort to assist [the user] in implementing bidding strategies." (RJN, Exh. 5, at 2; Exh. 6 at 7-10.) The site also offered "tips and hints related to bidding strategies." (*Id.*)

In short, the BigDeal.com site bore no resemblance to a lottery or a gambling device.[2]

## LEGAL ARGUMENT

### I.    APPLICABLE LEGAL STANDARDS

Under Fed. R. Civ. Proc. Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A court may dismiss the complaint "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In order "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Before filing this lawsuit in this Court, Plaintiff filed a version of this complaint in Washington State Court. (RJN, Exh. 8.) That action was removed to the U.S. District Court for the Western District of Washington. (RJN, Exh. 9). The Western District of Washington court dismissed the action, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(5), on the grounds of improper service and improper venue. (RJN, Exh. 10).

6

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

GORDON & REES, LLP
ATTORNEYS AT LAW
275 BATTERY STREET, TWENTIETH FLOOR
EMBARCADERO CENTER WEST
SAN FRANCISCO, CA 94111
(415) 986-5900

1    To satisfy this plausibility standard of *Iqbal* and *Twombly*, the plaintiff may not simply

2    rely on legal conclusions, which the Supreme Court has instructed shall not be "accepted as

3    true." *Iqbal*, 556 U.S. at 678; *see also In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir.

4    1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a

5    motion to dismiss for failure to state a claim"); *Clegg v. Cult Awareness Network*, 18 F.3d 752,

6    754-55 (9th Cir. 1994) ("the court need not accept conclusory legal allegations 'cast in the form

7    of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.'")

8    "(A) formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

9    570.

10    In the RICO context, "conclusory allegations [also] are insufficient to preclude

11    dismissal." *Howard v. America Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000), citing

12    *Associated Gen. Contractors of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.

13    1998). *See also Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990) ("In pleading [RICO]

14    predicate acts, conclusory allegations that various statutory provisions have been breached are of

15    no consequence if unsupported by proper factual allegations"); *Stone v. Baum*, 409 F.Supp.2d

16    1164, 1173 (D. Ariz. 2005) (motion to dismiss RICO claim granted and sanctions awarded

17    defendant, the court noting that "[c]onclusory and vague allegations will not support a cause of

18    action").

19    The specificity-in-pleading requirements of Fed. R. Civ. P. 9(b) apply to a fraud-based

20    RICO claim. Fed. R. Civ. Proc. 9(b); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir.

21    2007 (en banc), *cert. denied*, 552 U.S. 985 (2007); *Alan Neuman Productions, Inc. v. Albright*,

22    862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989); *Gidding v. Anderson*,

23    C 07-04755 JSW, 2009 U.S. Dist. LEXIS 24351, *4 (N.D. Cal. Mar. 13, 2009). *See also*

24    *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (1st Cir. 1991) (recognizing that the Rule

25    9(b) particularity standard extends to pleading mail and wire fraud under RICO). Plaintiffs

26    "must state the time, place, and specific content of the false representations as well as the

27    identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d at 553-54.

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 3:13-CV-00759-JSC

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

## II. THE COMPLAINT'S FAILURE TO IDENTIFY THE PLAINTIFF WARRANTS ITS DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 10(a).

The Complaint should be dismissed for failure to identify a plaintiff. Under Rule 10(a), "[E]very pleading must . . . name all the parties." The courts long have held that, absent a showing of special circumstances justifying anonymity, Rule 10(a) prevents plaintiffs from filing lawsuits under fictitious names. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042, 1046 (9th Cir. 2010) ("the normal presumption in litigation is that parties must use their real names."). *See also Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("Plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint includes the names of all the parties.") (Internal citations and quotation marks omitted.) "Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." *Southern Methodist Univ. Ass'n of Women Law Students v. Winne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

In the Ninth Circuit, a plaintiff may proceed under a pseudonym only "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," *Does I Thru XXIII*, 214 F.3d at 1068, such as in the "unusual case" when the non-disclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981). The plaintiff must have "an objectively reasonable fear of extraordinary severe retaliation" in order to proceed anonymously. *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d at 1068. It is incumbent on the plaintiff to request the Court's permission to proceed anonymously. To determine whether to allow a party to proceed anonymously where the opposing party has objected, the Court should consider: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears . . .; (3) the anonymous party's vulnerability to . . . retaliation; (4) the prejudice to the opposing party; and (5) the public interest. *Doe v. Kamehameha Schools*, 596 F.3d 1042, citing *Does I Thru XXIII*,

8

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

214 F.3d at 1068.

In the present case, Plaintiff has not requested leave of Court to appear anonymously, and has not come close to pleadings facts justifying his departure from the basic requirements of Rule 10(a). He merely alleges that he "should be allowed to proceed anonymously since the threat of prosecution for illegal gambling outweighs the need to have his name revealed." (Compl. ¶ 16.) Such a conclusory allegation should be disregarded under *Twombly* and *Iqbal*. Moreover, his stated "fear" is objectively unreasonable. There was never a finding by any court that BigDeal.com (or any other penny auction site with its essential features) was an illegal gambling site, nor any such statement by any law enforcement official.[3] In any event, a fear of prosecution is not itself a sufficient ground for allowing a plaintiff anonymously to sue private parties for money damages. *See Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004) (explaining that plaintiffs are allowed to remain anonymous to avoid disclosing their violations of law only in cases "challenging the very laws or regulations they have violated or wish to violate."

Here, Plaintiff has not pled any facts concerning possible retaliation or threatened harm, or that the public interest is implicated.

By contrast, Defendants would be materially prejudiced by Plaintiff's tactical anonymity. Among other reasons, this gambit prevents Defendants from confirming whether Plaintiff was in fact a registered BigDeal.com user, what auction(s) he may have participated in, whether he successfully bid on any items and if so, at what price (*e.g.*, at a discount from retail), whether Plaintiff availed himself of the "Buy It Now" options or utilized "Loyalty Points" – in short, the facts necessary to evaluate if Plaintiff has suffered any injury at all and has standing to bring this

---

[3] Before Plaintiff first initiated this litigation in Washington state court, the Washington Attorney General, in announcing a settlement of another lawsuit, *State v. Lion Heart Mint LLC* (King County Superior Court, Sep. 24, 2010), had acknowledged the legitimacy of "legal penny auctions" sites that do not use "shill bidding" practices at issue in that case (and not alleged here): "[Penny auctions are] essentially a form of entertainment in which you pay to play. In a legal auction, a consumer may be able to buy an expensive item for an incredibly low price." (RJN, Exh. 3, at 1). Moreover, a release issued by the Washington Gambling Commission stated that there "is not an active campaign" of enforcement against participants in on-line gambling and that participants would likely receive a warning letter before facing any possibility of prosecution (RJN, Exh. 4 at 2): "If players' names appear in an operator's seized records, the Gambling Commission would likely send the player a warning letter, notifying them that betting on the internet is felony. If a player's name appears again, charges may be filed. **There is not an active campaign against regular players.**" (Emphasis added)

9

GORDON & REES, LLP
ATTORNEYS AT LAW
275 BATTERY STREET, TWENTIETH FLOOR
EMBARCADERO CENTER WEST
SAN FRANCISCO, CA 94111
(415) 986-5900

1    lawsuit. *See, e.g., Doe v. Merten*, 219 F.R.D. at 394 ("Defendants, of course, must in fairness be

2    allowed to explore whether plaintiffs have standing, which they can only do if plaintiffs are

3    identified.").

4         The prejudice to Defendants' interests is magnified because this unnamed plaintiff has

5    styled this case as a class action. Rule 23(a) dictates that the representative plaintiff must fairly

6    and adequately protect the interests of the class. Fed. R. Civ. Proc. § 23(a)(4). To satisfy

7    Constitutional due process concerns, unnamed class members must be afforded adequate

8    representation before entry of any judgment that binds them. *See Hanlon v. Chrysler Corp.*, 150

9    F.3d 1011, 1020 (9th Cir. 1998); *see also Crawford v. Honig*, 37 F. 3d 485, 487 (9th Cir. 1994).

10   Unless Plaintiff's identity is revealed, Defendants will be denied their basic right to challenge

11   Plaintiff's suitability as a class representative. Because Plaintiff has pled no facts that justify his

12   hiding behind a cloak of anonymity, the Court should dismiss the Complaint pursuant to Rule

13   10(a).

14   **III.    PLAINTIFF HAS FAILED TO STATE A VALID CAUSE OF ACTION UNDER
         RICO.**

15

16        As numerous courts have recognized, the trial court serves an invaluable gatekeeper

17   function in ferreting out obvious abuses of the RICO statute and its built-in, *in terrorum* prospect

18   of treble damages. The "need for expeditious and orderly progress of litigation is particularly

19   pronounced in a civil RICO suit because of its quasi-criminal nature and consequent stigmatizing

20   effect on those named as defendants. Courts should therefore strive to flush out frivolous RICO

21   allegations at an early stage of the litigation." *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1108

22   (9th Cir. 2003); *United States Fire Insur. Co. v. United Limousine Serv., Inc.*, 303 F.Supp.2d

23   432, 443 (S.D. N.Y. 2004) (same); *Weizmann Institute of Science v. Neschis*, 229 F.Supp.2d 234,

24   245 (S.D. N.Y. 2002), *amended by* 352 F.3d 1187 (2d Cir. 2003), *cert. denied*, 541 U.S. 1043

25   (2004) (same). The District Court for the Central District of California put it this way:

26        Like other courts, and perhaps Congress, this Court is legitimately concerned
          about the misuse of civil RICO ... To sketch what is becoming more frequent is to
27        understand the dangers of abusing the RICO weapon. Even if one ignores the
          effect of spurious treble damage suits, the damage of protracted and
28        extraordinarily expensive discovery rendered by civil RICO claims is all too real.

                                                    10

1 | *PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187 (C.D.Cal. 1990). *See also Oscar v. Univ.*

2 | *Students Co-Op Assn.*, 965 F.2d 783, 786 (9th Cir. 1992) ("RICO was "intended to combat

3 | organized crime, not to provide a federal cause of action and treble damages to every tort

4 | plaintiff."); *Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir. 1991) ("[C]ivil RICO is an

5 | unusually potent weapon — the litigation equivalent of a thermonuclear device").

6 |       To state a claim for a RICO violation under 18 U.S.C. § 1962(c), the plaintiff must meet

7 | two pleading burdens. <u>First</u>, he must properly allege all of the elements of a criminal RICO

8 | violation, specifically, that (1) a "person," (2) through the commission of two or more predicate

9 | acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in

10 | or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect

11 | interstate or foreign commerce. <u>Second</u>, he must allege that he was injured in his business or

12 | property by reason of the conduct constituting the RICO violation. 18 U.S.C. §§ 1962(c),

13 | 1964(c); *Sedima S.P.R.L v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Holmes v. Securities*

14 | *Investor Protection Corp.*, 503 U.S. 258, 265-275 (1992); *Rezner v. Bayerische Hypo-Und*

15 | *Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010); *Living Designs, Inc. v. E.I. Dupont de*

16 | *Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005), *cert. denied*, 547 U.S. 1192 (2006); *Oki*

17 | *Semiconductor Co. v. Wells Fargo Bank Nat'l Assoc.*, 298 F.3d 768, 774 (9th Cir. 2002).

18 |       Plaintiff's RICO count should be dismissed because he has failed to plead adequately

19 | (1) that he has standing to pursue a RICO claim, (2) a valid RICO enterprise, or (3) any legally

20 | viable predicate act.

21 |     **A.**    <u>**Plaintiff Lacks Standing To Assert A RICO Claim**</u>

22 |       As noted, Plaintiff must plead facts that he was injured in his business or property by

23 | reason of the conduct constituting the RICO violation. 18 U.S.C. § 1964(c); *Sedima*, 473 U.S. at

24 | 496. The Supreme Court has held that "a plaintiff's right to sue under [Section 1962(c)]

25 | require[s] a showing that the defendant's violation not only was a 'but for' cause of his injury,

26 | but was the proximate cause as well." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457

27 | (1985), *quoting Holmes v. SIPC*, 503 U.S. 258, 268 (1992); *Hemi Grp, LLC v. City of New York*,

28 | *N.Y.*, 559 U.S. 1, 7 (2010). For actionable proximate cause to exist, there must be a "direct

11

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

GORDON & REES, LLP
ATTORNEYS AT LAW
275 BATTERY STREET, TWENTIETH FLOOR
EMBARCADERO CENTER WEST
SAN FRANCISCO, CA 94111
(415) 986-5900

1  relation between the injury asserted and the injurious conduct alleged." *Anza*, 547 U.S. at 457,

2  *quoting Holmes*, 503 U.S. at 268; *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 983 (9th

3  Cir. 2008); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149 (9th Cir. 2008) (under

4  *Anza*, plaintiff could not "overcome the proximate causation hurdle to assert a RICO violation

5  under 1962(c)"); *Gidding v. Anderson*, C 07-04755JSW, 2009 U.S. Dist. LEXIS 2435, *8 (N.D.

6  Cal. Mar. 13, 2009) (dismissing RICO count for failure to "establish the necessary element of

7  proximate cause for [plaintiffs'] RICO claim.")

8        1.    **Plaintiff Lacks RICO Standing Because He Cannot Establish Injury**

9                    **to his Business or Property.**

10        The only supposed "injury" that Plaintiff claims to have suffered is "complet[ing] [a]

11  credit card transaction[ ] to pay fees for bid packs and fees for bidding." (Compl. ¶ 89; *see also*

12  *id.* at ¶ 98 [Plaintiff "lost money"], and ¶ 101 [he paid "fees for bids"]). But "[f]inancial losses,

13  in and of themselves, are insufficient to confer standing under RICO." *Living Designs, Inc.*, 431

14  F.3d at 364 (9th Cir. 2005). "RICO does not provide a cause of action for all types of injury to

15  property interests, but only for injuries resulting in 'concrete financial loss.'" *Diaz v. Gates*, 420

16  F.3d 897, 898 (9th Cir. 2005) (*quoting Oscar v. University Students Co-operative Ass'n*, 965

17  F.2d 783, 785 (9th Cir. 1992)).

18        Federal courts, including the Ninth Circuit, unanimously have dismissed alleged RICO

19  claims where the plaintiff's only alleged injury is the loss of money that the plaintiff used to

20  participate in a supposedly unlawful lottery.  These courts have held that "gambling" losses do

21  not constitute an "injury to property" under RICO because even a losing participant in an

22  unlawful lottery has received the benefit of his bargain.  *See, e.g., Dumas v. Major League*

23  *Baseball Props., Inc.,* 104 F. Supp. 2d 1220, 1222-23 (S.D. Cal. 2000) (holding that plaintiffs

24  who sued baseball card manufacturers, claiming that "chase" card promotion was an illegal

25  lottery, lacked "injury" required for standing to sue under RICO; "[T]he act of gambling per se is

26  not sufficient to show an injury to one's business or property under RICO... . Plaintiffs struck a

27  bargain with Defendants and received the benefit of their bargain."), *aff'd sub nom, Chaset v.*

28  *Fleer/Skybox Intl,* 300 F.3d 1083, 1087 (9th Cir. 2002); *Price v. Pinnacle Brands, Inc.,* 138 F.3d

12

602, 607 (5th Cir. 1998) (holding same); *Adell v. Macon Cty Greyhound Park, Inc.,* 785 F.Supp.2d 1226, 1239 (M.D. Ala. 2011) (holding that gambling losses are not a RICO injury, citing *Chaset*); *Major League Baseball Props., Inc. v. Price,* 105 F. Supp. 2d 46, 53 (E.D.N.Y. 2000) (no cognizable RICO injury for alleged gambling losses); *Green v. Aztar Corp.,* No. 02 C 3514, 2003 U.S. Dist. LEXIS 14699, *2 (N.D. Ill. Aug. 22, 2003) ("When [plaintiff] decided to gamble, he paid for (and received) the opportunity to win. When that chance did not pay off, it did not mean that he suffered a RICO property loss however."). In *Chaset*, the Ninth Circuit, in affirming the dismissal of the RICO claim in *Dumas*, ruled that a "mere expectancy interest" was insufficient to confer RICO standing:

> At the time the plaintiffs purchased the package of cards, which is the time the value of the package should be determined, they received value – eight or ten cards, one of which might be an insert card – for what they paid as a purchase price. Their disappointment upon not finding an insert card in the package is not an injury to property.

300 F.3d at 1087.

Following the holding in *Chaset*, the court in *Hill v. Opus Corp.*, 841 F. Supp. 1070 (C.D. Cal. 2011), held that the plaintiffs, in entering into executive incentive compensation agreements, assumed the risk that they might eventually not be paid, and thus did not suffer a cognizable RICO injury when they were not. *Id.* at 1093 ("Although plaintiffs' claim is different, there is one striking parallel between this case and *Chaset*. There, the outcome was driven by the fact that, in purchasing a set of trading cards, plaintiffs gambled that when they opened their pack, it would contain the cards they desired. The fact that the pack might not include such a card, and that they would be disappointed, was a feature of the bargain they struck.").

Based upon this unbroken line of authority, Plaintiff's purchase of bid packs from BigDeal.com -- even assuming (for the sake of argument) it were an allegedly unlawful lottery or gambling site -- is not an injury to property cognizable under RICO. Plaintiff thus lacks standing to bring a RICO claim.

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

2.      **Plaintiff Lacks RICO Standing Because He Has Not Adequately Pled Causation.**

*In Canyon County*, Ninth Circuit reaffirmed the Supreme Court's edict in *Anza* and *Holmes* that for proximate cause to exist there must be a "direct relation" between the alleged RICO violation and the claimed injury:

> [I]n *Anza*, the Supreme Court clarified that the *Holmes* proximate cause requirement ... generally precludes recovery by those whose injuries are only tenuously related to the RICO violation at issue. Under *Anza*, courts must scrutinize the causal link between the RICO violation and the injury, identifying with precision, both the nature of the violation and the cause of the injury to the plaintiff. Where the violation itself is not the immediate cause of the plaintiff's injury, proximate cause may be lacking.

519 F.3d at 981 (citations omitted). *See also Sosa v. DIRECTV, Inc.* 437 F.3d 923, 941 (9th Cir. 2006); *Hoffman v. Zenith Insur. Co.,* No. SACV 10-00355 DOC, 2011 U.S. Dis. LEXIS 15650, *11 (C.D. Cal. Feb. 10, 2011). Plaintiff has not met this proximate cause requirement under RICO because his Complaint fails to state a plausible causal nexus between BigDeal.com's alleged conduct and Plaintiff's alleged injury. He offers only the conclusory allegations that, "[b]ut for the Enterprise's illegal scheme, which was intentionally designed to obtain money, credit and funds through the use of the wires, [he] and other similarly situated individuals would not have been injured" (Compl. ¶ 97), and "the BidDeal.com website['s giving] the appearance of being a legitimate business" and not "disclos[ing] that it was an illegal gambling website" proximately caused plaintiff to pay "fees for 'bids.'" (*Id.* at ¶ 101). That is insufficient. *See In re Actimmune Mktg. Litig.,* 614 F.Supp.2d 1037, 1051-52 (N.D. Cal. 2009) ("The court is not convinced that these ... legal conclusions about a 'direct and proximate' causation of injuries state a [RICO] claim for relief, even under the lenient pleading standard of the Federal Rules ...")

As a matter of law, Plaintiff *cannot* plausibly allege proximate causation on the facts as pled. The courts have held that a plaintiff cannot alleged proximate causation under RICO in a case alleging illegal gambling "based upon [his] voluntary gambling participation." *Adell*, 785 F.Supp.2d at 1243. This is because a participant in gambling causes his own losses by participating in the first place. *See id.:* "Plaintiffs' alleged gambling losses were preceded

14

GORDON & REES, LLP
ATTORNEYS AT LAW
275 BATTERY STREET, TWENTIETH FLOOR
EMBARCADERO CENTER WEST
SAN FRANCISCO, CA 94111
(415) 986-5900

immediately by their own voluntary acts placing wages on the electronic Bingo machines ...;
their own acts of playing .... are 'intervening causes that break the chain of causation with
respect to the defendants' alleged [RICO] activities, even if they were illegal.'" (Internal citation
omitted.) BigDeal.com "cannot be held responsible for causing [plaintiff] to lose his money"
given that his supposed "gambling losses are nothing more than self-inflicted wounds." *Green v.
Aztar Corp.*, No. 02 C 3514, 2003 U.S. Dist. LEXIS 14699, at *8-9 (N.D. Ill. Aug. 22, 2003).
*See also In re MasterCard Int'l Inc.*, 132 F.Supp.2d 468, 496 (E.D. La. 2001) ("plaintiffs' own
acts of accessing the internet, locating the casinos, entering their information, and playing
electronic casino games, are all intervening causes that break the chain of causation with respect
to the defendants' alleged activities, even if they were illegal.")

Plaintiff's "lone conclusory allegation" of "RICO reliance" ("Plaintiff and other similarly
situated individuals relied on the material false and fraudulent pretenses, representations,
promises and omissions set forth and lost money as a result of reliance" [Compl. ¶ 95]), also is
insufficient to confer RICO standing. *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*,
MDL 09-2074 PSG (FFMx), 2012 U.S. Dist. LEXIS 152498, * 74 (C.D. Cal. Sept. 6, 2012).

In sum, because Plaintiff cannot plead facts establishing a legally cognizable RICO injury
or that any "racketeering" conduct by Defendants proximately caused his supposed injuries, he
lacks standing to bring a RICO claim.

**B.** **The Complaint Does Not Allege A Valid RICO Enterprise.**

As the Supreme Court and the Ninth Circuit have held, it is axiomatic that there must be a
distinction between the entity or individual charged with the conduct that constitutes the RICO
predicate act, the RICO "person," on the one hand, and the alleged RICO "enterprise," on the
other. The two cannot be one and the same. *See Cedric Kushner Promotions, Ltd. v. King*, 533
U.S. 158, 161 (2001); *Sedima*, 473 U.S. at 496-97; *Living Designs*, 431 F.3d at 361-62;
*Schreiber Distrib. Co. v. Serve-Well Furniture Co.*, 806 F.2d 1393, 1397 (9th Cir. 1998); *Sever v.
Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992); *Rae v. Union Bank*, 725 F.2d 478, 481
(9th Cir. 1984). *See also United States v. Goldin Indus.*, 219 F.3d 1268, 1270 (11th Cir. 2000)
(collecting cases). In *Cedric Kushner Promotions*, the Supreme Court stated this principle as

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

15

follows:

> We do not quarrel with the basic principle that to establish liability under § 1962(e) one must allege and prove the existence of two distinct entities: (1) a "person"; and (2) an "enterprise" that is not simply the same "person" referred to by a different name. The statute's language, read as ordinary English, suggests that principle. The Act says that it applies to "persons" who are "employed by or associated with" the "enterprise." § 1962(c). In ordinary English one speaks of employing, being employed or associating with others, not oneself.

533 U.S. at 161.

The requirement, for purposes of Section 1962(c), that "the defendant 'person' must be an entity distinct from the alleged 'enterprise,'" *Brannon v. Boatmen's First Nat'l Bank of Okla.*, 153 F.3d 1144, 1146 (10th Cir. 1998), takes on particular importance, where, as in this case, a RICO defendant is a corporate entity, "because a rule permitting a corporate defendant to be both the 'person' and the 'enterprise' would allow the application of RICO in every fraud case against a corporation." *Id.* at 1147. Just this month, the Eastern District of California district court applied this principle in dismissing a RICO complaint, with prejudice, for failure to state the requisite distinctness between the RICO person (a corporate subsidiary) and the RICO enterprise (the parent corporation). *Irving v. Lennar Corp.*, No. S-12-290 KJM EFB, 2013 U.S. Dist. LEXIS 47206, *23 (E.D. Cal. Apr. 1, 2013), citing *Living Designs*, 431 F.3d at 361-62. The court noted: "The Ninth Circuit has recognized that for purposes of a single action, a corporate defendant cannot be both the RICO person and the RICO enterprise under section 1962(c)," and "the Ninth Circuit requires a party asserting a RICO cause of action to properly plead distinctness of the person and the enterprise." *Irving v. Lennar*, at *23.

Courts in this Circuit routinely have held that where an alleged enterprise is nothing more than a defendant corporation, and its affiliates and associates conducting normal business affairs, RICO liability cannot attach. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg.*, 826 F.Supp.2d 1180, 1202-03 (C.D. Cal. 2011) (dismissing RICO claim where plaintiffs merely alleged that the defendants were associated in a manner directly related to their own primary business activities, which was insufficient to state claim under § 1962(c)); *Vaugh v. Diaz*, No. 12-CV-1181 BEN (JMA), 2013 U.S. Dist. LEXIS 5456, **5-6 (S.D. Cal. Jan. 14, 2013) (dismissing RICO claim where plaintiff had failed to identify a distinct enterprise); *Chi*

16

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

1  *Pham v. Capitale Holdings, Inc.*, No. 10 cv 0971-LAB (AJB), 2011 U.S. Dist. LEXIS 89047,

2  **18-19 (S.D. Cal. Aug. 9, 2011) (dismissing RICO claim where plaintiffs had alleged only an

3  enterprise that was the defendants by a different name and neither the alleged RICO enterprise

4  nor the defendants had a purpose distinct from the objectives of the other); *Ice Cream Distribs.*

5  *of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-5815 CW, 2010 U.S. Dist. LEXIS

6  99930 (N.D. Cal. Sept. 10, 2010) (dismissing RICO claim on the grounds that it "could not be

7  premised on an enterprise comprised of a corporation, a wholly-owned subsidiary and an

8  employee of that corporate family if those entities were also pled as the RICO persons").[4]

9         In the present case, the alleged enterprise, "BigDeal.com," is the same entity as the

10  alleged RICO defendant/person "Project Fair Bid, Inc." (*See* Complaint ¶¶ 2, 50; RJN, Exhs. 4,

11  5). In Plaintiff's prior Washington complaint, he identified this entity as **"Project Fair Bid,**

12  **Inc., d/b/a BigDeal.com."** (RJN, Exh. 8; emphasis added.) "Project Fair Bid, Inc." changed its

13  corporate name to "BigDeal.com" in 2009. (RJN, Exh. 1). The Complaint refers to

14  "BigDeal.com" and "Project Fair Bid" interchangeably. (Complaint, ¶¶ 2, 7, 17, 49-52). Indeed,

15  paragraph 7 of the Complaint states that "Project Fair Bid, Inc. is referred to herein as

16  BigDeal.com." Paragraph 57 refers to "[t]he actions of the Defendant BigDeal.com." At

17  paragraph 17, Plaintiff alleges:

18         From 2009 to 2011, Defendants in association with Project Fair Bid, Inc.,
       operated an Internet website, BigDeal.com, that it called a "penny auction."

19

20  (Compl. ¶ 17). Yet "Project Fair Bid, Inc." also is a named defendant. The lack of any facts

21  separating, in form or function, this corporate defendant from the purported enterprise is fatal to

22  Plaintiff's RICO claim.

23

24  [4] *See also Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2nd Cir. 1994) ("[B]y alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the

25  regular affairs of the defendant, the distinctness requirement may not be circumvented."); *Davis v. Mutual Life Ins. Co. of N.Y.*, 6 F.3d 367, 377 (6th Cir. 1993) ("[A] corporation may not be liable under section 1962(c) for participating in the

26  affairs of an enterprise that consists only of its own subdivisions, agents or members. An organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself."). *See also*

27  *Brannon*, 153 F.3d at 1149 (dismissing RICO claim on other grounds, but acknowledging that there is "substantial case law" for the proposition that "it is insufficient to allege merely that the RICO person is a parent corporation conducting the

28  affairs of alleged enterprises that are also its subsidiaries and affiliates.")

17

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

C. **Plaintiff Has Not Pled A Viable RICO Predicate Act.**

    1.     **A Violation of California Penal Code § 319 Is Not a RICO Predicate Act.**

To constitute a predicate act of "racketeering activity" under RICO, a criminal act chargeable under State law must be "punishable by imprisonment for more then one year." 18 U.S.C. § 1961(1)(A). As Plaintiff concedes in the Complaint, the violations of California law alleged therein are a misdemeanor -- by definition, punishable by imprisonment for *less* than one year. (Compl. ¶ 70; *see also* Cal. Penal Code § 320). Therefore, as a matter of law, these allegations of a California Penal Code violation do not state a valid predicate act under RICO. *See U.S. v. Malizia*, 720 F.2d 744, 745 (2d Cir. 1983).

    2.     **A Violation of the Unlawful Internet Gambling Enforcement Act of 2006 Is Not a Predicate Act under RICO.**

Under RICO, violations of federal law are only cognizable as "racketeering activity" and thus actionable under the statute if the violation "is indictable under … title 18, United States Code." The Unlawful Internet Gambling Enforcement Act of 2006, 31 U.S.C. § 5363, *et seq.*, does not fall within this statutory definition and thus cannot serve as a viable RICO predicate act.

    3.     **Plaintiff Cannot Assert a Viable Predicate Act Under the Bank Fraud Statute, 18 U.S.C. § 1344(2).**

Plaintiff does not have standing to assert bank fraud under 18 U.S.C. § 1344(2). To state a claim of bank fraud under this statute, the plaintiff must allege that the defendants "execute[d], or attempt[ed] to execute, a scheme or artifice -- (1) to defraud a *financial institution*; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a *financial institution*, by means of false or fraudulent pretenses, representations, or promises…" 18 U.S.C. § 1344 (emphasis added). "It is the financial institution itself…that is the victim of the fraud the statute proscribes." *United States v. Molinaro*, 11 F.3d 853, 857 (9th Cir. 1993) (*quoting United States v. Saks*, 964 F.2d 1514, 1518 (5th Cir. 1992)). The bank fraud statute is designed to protect financial institutions and requires as an element the "intent to victimize the institution by exposing it to actual or potential loss."

18

GORDON & REES, LLP
ATTORNEYS AT LAW
275 BATTERY STREET, TWENTIETH FLOOR
EMBARCADERO CENTER WEST
SAN FRANCISCO, CA 94111
(415) 986-5900

1   *United States v. Jacobs*, 117 F.3d 82, 94 (2d Cir. 1997) (*quoting United States v. Stavroulakis*,

2   952 F.2d 686, 694 (2d Cir. 1992); *see also Bressner v. Ambroziak*, 379 F.3d 478, 482 (7th Cir.

3   2004) ("But the bank fraud statute isn't designed to protect [plaintiff], it is designed to protect

4   banks").

5         The courts consistently have dismissed at the pleading stage RICO claims predicated on

6   bank fraud brought by individual plaintiffs and not financial institutions. So ruled this Court in

7   *Best Deals on TV, Inc. v. Naveed*, No. C 07-1616 SBA, 2007 U.S. Dist. LEXIS 99922 (N.D. Cal.

8   Sept. 26, 2007): "The plaintiffs fail to state a claim for bank fraud. Only financial institutions

9   have standing to allege violations of bank fraud under 18 U.S.C. § 1344 as predicate acts for

10  RICO purposes." *See also Starfish Inv. Corp. v. Hansen*, 370 F.Supp.2d 759, 773 (N.D. Ill. 2005)

11  ("The financial institution fraud allegation does not help [plaintiff], however, because only

12  financial institutions have standing to allege violations of the financial institution fraud statute,

13  18 U.S.C. § 1344, as predicate acts for RICO purposes"); *Soto v. Vanderbilt Mortgage and*

14  *Finance, Inc.*, No. C-10-66, 2010 U.S. Dist. LEXIS 87951 (S.D. Tex. Aug. 23, 2010) ("[C]ourts

15  have consistently found that only financial institutions may claim bank fraud under 18 U.S.C. §

16  1344 as a predicate act for RICO purposes"); *Edmonds v. Seavey*, No. 08Civ5646(HB), 2009

17  U.S. Dist. LEXIS 84397, *26, n. 8 (S.D.N.Y. Sept. 15, 2009) ("[Section] 1344 only prohibits 'a

18  scheme or artifice . . . to defraud a financial institution,' and a RICO plaintiff who is not a

19  financial institution under the statute lacks standing or injury to bring a RICO claim based on

20  bank fraud as the predicate act.") (*quoting Hilgeford v. Nat'l Union Fire Ins. Co. of Pittsburgh*,

21  2009 U.S. Dist. LEXIS 9766 (E.D. Va. Feb. 6, 2009)); *Herrick v. Liberty League Int'l*, No. 1:07-

22  cv-936, 2008 U.S. Dist. LEXIS 42527 (S.D. Ohio May 28, 2008) ("Additionally, Plaintiffs do

23  not have standing to assert bank fraud as a predicate act of RICO liability. Only defrauded

24  financial institutions have standing to assert bank fraud as a RICO predicate").

25        The same result – dismissal – is warranted here.

26      **4.**    **Plaintiff Has Not Pled a Viable Predicate Act Sounding in Wire**

27            **Fraud.**

28        Plaintiff also attempts to ground his RICO cause of action on a wire fraud claim under 18

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

1   U.S.C. § 1343. (Compl. ¶¶ 92-99). This fails too, as the allegedly fraudulent representations

2   cited in the Complaint (at ¶ 84) are either statements of law or of opinion rather than fact, or

3   omissions. Neither are actionable under RICO.

4        As to the former, "[i]t is well established...that misrepresentations of the law are not

5   actionable as fraud, including under the mail and wire fraud statutes, because statements of the

6   law are considered merely opinions and may not be relied upon absent special circumstances..."

7   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004) (affirming dismissal of RICO

8   claim predicated on mail fraud allegation); *Westways World Travel, Inc. v. AMR Corp.*, 265 Fed.

9   Appx. 472, 474 (9th Cir. 2008) (affirming dismissal of mail fraud-based RICO claim alleging

10  communication of defendant's faulty interpretation of the parties' contract and demanding

11  payment under the contract pursuant to such interpretation); *Sosa v. DIRECT TV, Inc.*, 437 F.3d

12  at 940 (citing *Miller*).

13       Likewise, statements of opinion or mere "puffery" cannot sustain a mail or wire fraud

14  claim and thus are not actionable under RICO. *See, e.g., County of Marin v. Deloitte Consulting*

15  *LLP*, 836 F. Supp. 2d 1030, 1039 (N.D. Cal. 2011) (finding highly subjective, generalized

16  representations made in a sales context to be "puffery" and not actionable misstatements that can

17  form the basis of a mail fraud claim); *In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057, 1060

18  (C.D. Cal. 1991) (representations that are mere sales puffing are not actionable RICO mail or

19  wire fraud); *United States v. Martinelli*, 454 F.3d 1300, 1317 (11th Cir. 2006) ("puffing" or

20  "sellers' talk" is not actionable under the mail fraud statute); *Williams v. Aztar Indiana Gaming*

21  *Corp.*, 351 F.3d 294, 299 (7th Cir. 2003) ("sales puffery" cannot constitute mail fraud to support

22  RICO claim); *Byrne v. Nezhat*, 261 F.3d 1075, 1111 (11th Cir. 2001) (dismissing a civil RICO

23  complaint based on alleged mail fraud on the grounds that defendants' claims of success "seem

24  more akin to puffing than actionable misrepresentations").

25       In this case, the alleged statements cited in the Complaint that are non-actionable legal

26  conclusions include those set forth in ¶ 84, subparagraphs: "a" ("The Big Deal.com website did

27  not advise players that its website violated state and federal gambling laws"); "b" ("The Big

28  Deal.com website purposely made it appear that it was a legal website in compliance with state

20

and federal laws"); "i" (concerning representations that merchandise "was sold with good title")
and "j" ("The Big Deal.com's website enticed participation in the scheme by advertising the
Defendant venture capital firms ... prominently on the The Big Deal.com website, to give the
appearance of running a legal and upstanding business.") As to 84j, Plaintiff himself alleges that
these venture capital firms invested in Big Deal.com (Compl. ¶ 14); therefore, there is nothing
"false" about stating that on the website.

The non-actionable statements of opinion or puffery relied upon by Plaintiff are alleged
in ¶ 84, subparagraphs: "f" (advertising: 'HUGE SAVINGS. UP TO 98% OFF! "ITS AS EASY
AS 1-2-3 ..."); and "g" (claiming that it was "easy to win," that participants could expect to save
large amounts of money, and that they "can't lose.")

Plaintiff's wire fraud claims also fail insofar as they are based on alleged "omissions," in
the absence of an independent duty to disclose the omitted facts. *See Cal. Architectural Bldg.
Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) (alleged
omissions cannot serve as the basis for a federal claim of mail or wire fraud "[a]bsent an
independent duty, such as a fiduciary duty or an explicit statutory duty"); *United States v.
Dowling*, 739 F.2d 1445, 1450 (9th Cir. 1984) (holding that nondisclosure may form the basis of
a scheme to defraud only where there is a fiduciary or explicit statutory duty to disclose and
further noting that "[t]o hold otherwise...would have the potential of bringing almost any illegal
act within the province of the mail fraud statute"), *rev'd on other grounds*, 473 U.S. 207, 105 S.
Ct. 3127 (1985). Plaintiff has pled no facts suggesting any duty to "advise participants that they
have no chance of winning if other participants place bids with Bid Buddy" (Compl. ¶ 84d) --
which statement itself would be false. Similarly, there are no facts alleged to give rise to an
independent duty to advise the participant that "they had no chance to win the prize" when a Bid
Buddy was in play. (*Id.* at ¶ 84e).

These alleged statements and omissions cannot properly form the basis of a valid claim
for wire fraud and thus cannot serve as a basis for a RICO predicate act under 18 U.S.C. § 1343.[5]

---

[5] Plaintiff's bare-bones recitation of a "pattern of racketeering" (Compl. ¶ 100), also is insufficient under *Iqbal* and *Twombly*. *See H.J., Inc. v. Northwestern Tel. Co.*, 492 U.S. 229, 237 (1989) (setting forth required elements of a RICO "pattern of racketeering activity.")

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

21

# IV. PLAINTIFF'S CONSPIRACY TO VIOLATE RICO CLAIM FAILS AS A MATTER OF LAW

The law is clear that if a plaintiff has no viable, underlying claim of a RICO violation, his conspiracy claim also fails as a matter of law. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 559 (9th Cir. 2010) ("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO"); *Turner v. Cook*, 362 F.3d 1219, 1231 (9th Cir. 2004) (dismissing § 1962(d) RICO conspiracy claim where plaintiffs had failed to allege the requisite substantive elements of the underlying RICO claim); *Magic Laundry Servs. v. Workers United SEIU*, No. CV-12-9654-MWF AJW, 2013 U.S. Dist. LEXIS 53296, *24 (C.D. Cal. Apr. 8, 2013) (same). Because Plaintiff's RICO claim under § 1962(c) fails to state a valid cause of action, his § 1962(d) conspiracy claim also fails.

## CONCLUSION

For the reasons stated above, the Court should dismiss the Complaint in its entirety, without leave to amend.

Respectfully submitted,

Dated: April 30, 2013

GORDON & REES, LLP

By: /s/ Brian P. Maschler
Brian P. Maschler
Attorneys for Defendants
PROJECT FAIR BID, INC. AND
BRANDON RAMSEY

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

MNTR/1069341/15364388