MICHAEL T. LUCEY (SBN 099927)
BRIAN P. MASCHLER (SBN 111824)
mlucey@gordonrees.com
bmaschler@gordonrees.com
GORDON & REES, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
PROJECT FAIR BID, INC., and
BRANDON RAMSEY

**GORDON & REES, LLP**
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all the members of the Class of person similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PROJECT FAIR BID, INC., MAYFIELD XIII, FOUNDATION CAPITAL VI, L.P., FIRST ROUND CAPITAL KK, L.P., NICOLAS DARVEAU-GARNEAU, BRANDON RAMSEY, RAJIL KAPOOR, CHARLES MOLDOW AND JOSH KOPELMAN, <br><br> Defendants. | CASE NO. 3:13-CV-00759-SBA <br><br> **STATEMENT OF RECENT DECISION** <br> **(Civ. Local Rule 7(d)(2))** |

Pursuant to Rule 7(d)(2) of the Civil Local Rules of this Court, Defendants, Project Fair Bid, Inc. and Brandon Ramsey ("Defendants"), hereby submit, in support of their pending Motion to Dismiss Complaint, a Statement of Recent Decision. The recent decisions, Order and Judgment, entered by the District Court in the matter of *Hertzog, et al, v. Quibids LLC, et al.*, United States District Court for the Western District of Oklahoma (Oklahoma City), Case No. 5:12-cv-00786-F (the "*Quibids* case") on or about September 9, 2013 are as follows:

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111
(415) 986-5900

1        1.      Order Denying Plaintiffs' Motion for Leave to File Amended Complaint (**Exhibit**

2   **A hereto**), and

3        2.      Judgment Dismissing with Prejudice Plaintiff's RICO Claim (**Exhibit B hereto**).

4

5

6                                      Respectfully submitted,

7   Dated: September 10, 2013           GORDON & REES, LLP

8

9                                        By:  /s/ Brian P. Maschler
                                             Brian P. Maschler

10                                        Attorneys for Defendants
                                       PROJECT FAIR BID, INC. AND

11                                        BRANDON RAMSEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

STATEMENT OF RECENT DECISION

CASE NO. 3:13-CV-00759-SBA

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

ELWOOD HERTZOG, individually )
and on behalf of other similarly situated )
individuals, )
          )
      Plaintiff, )
          )
v. )     Case No. CIV-12-786-F
          )
QUIBIDS, LLC; QUIBIDS HOLDINGS, )
LLC; AMERICAN EXPRESS TRAVEL )
RELATED SERVICES COMPANY, )
INC. and HSBC USA INC., )
          )
      Defendants. )

## ORDER

Plaintiff, Elwood Hertzog, filed a complaint, on behalf of himself and others similarly situated, against defendants, QuiBids LLC, QuiBids Holdings LLC, American Express Travel Related Services Company, Inc., and HSBC USA, Inc., seeking relief for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, specifically, 18 U.S.C. § 1962(c) and conspiracy to violate RICO, 18 U.S.C. § 1962(d), and violations of the State of Washington's gambling laws, Wash. Rev. Code, §§ 9.46.200 and 4.24.070. In his complaint, plaintiff alleged that defendant, QuiBids, LLC, which operates an Internet website, QuiBids.com, has engaged in an illegal gambling enterprise because it distributes prizes by chance to persons who have paid consideration for the chance to win those prizes. He also alleged that defendants, American Express Travel Related Services Company, Inc., and HSBC USA Inc., both financial institutions, have knowingly participated in the operation of the illegal gambling enterprise by providing financial services to it. He further alleged that defendant QuiBids Holdings,

LLC, is a holding company through which the gambling enterprise funnels its illegal gambling revenues.

In response to plaintiff's complaint, defendants filed motions to dismiss. The court held a hearing on the motions on May 8, 2013. After hearing the parties' arguments, the court granted defendants' motions. The court dismissed plaintiff's RICO claims against defendants pursuant to Rule 12(b)(6), Fed. R. Civ. P. Specifically, the court determined that plaintiff had failed to allege facts in his complaint sufficient to show RICO standing, the existence of a RICO enterprise and participation in a RICO enterprise. In light of the dismissal of the RICO claims, the court declined to exercise supplemental jurisdiction over the state law claims and dismissed those claims without prejudice pursuant to 28 U.S.C. § 1367(c). Although the court found the deficiencies in the complaint to be "pretty well baked in the cake," *see*, Transcript of Motion Hearing, p. 56, the court granted plaintiff one week to file a motion for leave to amend his complaint.

Presently before the court is Plaintiff's Motion for Leave to File Amended Complaint, to which defendants have responded. Upon due consideration, the court finds that plaintiff's motion should be denied.

Rule 15(a)(2), Fed. R. Civ. P., provides that the "court should freely give leave [to amend] when justice so requires." A district court, however, may refuse to allow amendment if it would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007) (quotations omitted).

The court has reviewed the proposed amended complaint. Having done so, the court concludes that it fails to cure the deficiencies in plaintiff's original complaint. The proposed amended complaint does not allege facts sufficient to show plaintiff's standing to bring RICO claims, the existence of a RICO enterprise, and participation

in a RICO enterprise.  The court concludes that the proposed amended complaint would be subject to dismissal; consequently, granting leave to amend would be futile.

It appears that plaintiff's motion is essentially a motion for the court to reconsider its previous ruling.  Indeed, plaintiff acknowledges that "to conclude that Mr. Hertzog's Amended Complaint states claims for violations of 18 U.S.C. § 1962(c) and (d), the Court will be required to change its views regarding (a) the participation in the conduct of an enterprise by the defendants American Express Travel Related Services Company, Inc., and HSBC, Inc.; and (b) the requirements for proving an injury to business or property under § 1964(a)." *See*, plaintiff's motion, p. 4.  The court, however, declines to change its views as to these issues or as to the existence of a RICO enterprise issue.  Plaintiff has not shown a basis for reconsideration of those rulings.  The court concludes that the proposed amended complaint would be subject to dismissal for the reasons previously expressed.

Accordingly, Plaintiff's Motion for Leave to File an Amended Complaint (doc. no. 85) is **DENIED**.  Judgment in accordance with the court's previous rulings shall be entered forthwith.

DATED this 9th day of September, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0786p021.wpd

3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ELWOOD HERTZOG, individually )
and on behalf of other similarly situated )
individuals, )
 )
    Plaintiff, )
 )
v. )  Case No. CIV-12-786-F
 )
QUIBIDS, LLC; QUIBIDS HOLDINGS, )
LLC; AMERICAN EXPRESS TRAVEL )
RELATED SERVICES COMPANY, )
INC. and HSBC USA INC., )
 )
    Defendants. )

## JUDGMENT

This matter came before the court upon defendants' motions to dismiss plaintiff's complaint and the court having duly considered the motions and having granted those motions and the court having denied plaintiff's motion for leave to file an amended complaint,

IT IS ORDERED, ADJUDGED AND DECREED that plaintiff's claims against defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, are dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., and plaintiff's claims against defendants under Washington state law are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

DATED at Oklahoma City, Oklahoma, this 9th day of September, 2013.

            STEPHEN P. FRIOT
            UNITED STATES DISTRICT JUDGE

12-0786p022.wpd